NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN FRANCISCO FELIX-BATIZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MARICOPA COUNTY SHERIFF'S DEPARTMENT, Durango Jail; et al., <br><br> Defendants-Appellees. | No. 17-16659 <br><br> D.C. No. 2:16-cv-04540-DJH-MHB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Arizona state prisoner Juan Francisco Felix-Batiz appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging unlawful conditions of confinement while he was a pretrial detainee.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (2012).  We affirm.

The district court properly dismissed Felix-Batiz's action because Felix-Batiz failed to allege facts sufficient to state a plausible claim for relief.  *See Hebbe v. Pliler*, 627 F.3d 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (setting forth requirements for supervisory liability under § 1983); *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (setting forth requirements for municipal liability under § 1983).

We do not consider Felix-Batiz's outdoor exercise claim because he failed to replead it in his operative complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider arguments or allegations raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**